STATE *vs.* GEORGE HYNES.

Penobscot, 1876.—November 25, 1876.

*Intoxicating liquors.*

On the trial of an indictment against a person as a common seller of intoxicating liquors, the instruction to the jury that, "while there must be proof of a plurality of actual sales, and sufficient of them to satisfy the jury of the offense alleged, the government were not required to prove a plurality of sales by witnesses who have purchased liquor of the defendant, or by persons who have seen liquors sold by him, or by his clerks or agents; that the jury could infer the fact of sales from circumstances, and the situation of the defendant, if they were satisfied to do so," states the law correctly.

Where a young girl testified to the fact of purchasing liquors of the defendant, *held,* that the mother's testimony that the girl had been sent to the defendant's shop, within the time covered by the indictment, for liquor; that she was furnished with a bottle and money, and returned with liquor, was competent; that while the mother's evidence alone of itself, proved nothing, it was important in connection with the other testimony, and the government had a right thereby to strengthen the testimony of the daughter.

ON EXCEPTIONS.

INDICTMENT against the defendant for being a common seller of intoxicating liquors.

Upon the trial Mary Kelty and Michael Kelty, aged respectively ten and twelve, were produced as witnesses for the government, and testified to the fact of purchasing liquors of the defendant; Margaret Kelty, mother of the two witnesses above named, was introduced, and testified, subject to objection, that she knew they had been sent to the defendant's shop, within the time covered by the indictment, for liquors; that they were furnished with a bottle and money, and returned with liquors; did not know they got it of the defendant.

The verdict was guilty; and the defendant alleged exceptions which appear in the opinion.

*A. Knowles & J. F. Rawson,* for the defendant.

*L. A. Emery,* attorney general, for the state.

APPLETON, C. J. The defendant was indicted as a common seller of intoxicating liquors, and found guilty.

The presiding justice instructed the jury: "That there must be proof of a plurality of actual sales, and sufficient of them to satisfy the jury of the offense alleged; but that the government were not required to prove a plurality of sales by witnesses who purchased liquor of the respondent, or by persons who have seen liquors sold by the respondent, or by his clerks and agents; that the jury could infer the fact of sales from circumstances, and the situation of the respondent, if they were satisfied to do so."

Exception is taken to the latter clause of the instruction. But all crimes may be proved by circumstantial evidence. The situation of the respondent, his conduct, his acts, may become of the utmost importance in determining the question of his criminality. Circumstances and the situation of the accused may be of so criminative a character, as not merely to justify, but imperatively to require a verdict of guilty of even the highest crimes known to the law. The common seller of intoxicating liquors has no peculiar grounds for exemption from the general principles of law adopted in the investigation of crime. *State* v. *O' Conner,* 49 Maine, 594.

The evidence shows that Mrs. Kelty supplied her two children with a bottle and money to purchase liquor and that they returned with it. The children sent on this errand testified that they received the money and purchased the liquor of the respondent. True, the children testified they received the money and returned with the liquor, but the government had an unquestionable right to strengthen their testimony as to these facts. The evidence of Mrs. Kelty of itself proved nothing, but in connection with the other testimony it was of importance.

No other exceptions to the rulings of the presiding justice are relied upon. *Exceptions overruled.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.